Richard P. GAMBINO; Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W.; Electrical Workers' Pension Fund, Local 103, I.B.E.W.; Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W.; Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W.; Electrical Workers' Joint Apprentice and Training Fund, Local 103, I.B.E.W.; Electrical Workers' Educational and Cultural Fund, Local 103, I.B.E.W.; Lawrence J. Bradley and National Electrical Benefit Fund, Plaintiffs,

v.

**TITAN ELECTRIC LLP, Defendant,**

**Rosdev Corp. and Urban Design and Development Corp., Reach and Apply Defendants.**

**Civil Action No. 09–11098–NMG.**

United States District Court, D. Massachusetts.

July 24, 2009.

Gregory A. Geiman, Kathryn S. Shea, Anne R. Sills, Segal Roitman LLP, Boston, MA, for Plaintiffs.

## MEMORANDUM & ORDER

GORTON, District Judge.

In this action brought pursuant to a collective bargaining agreement, the plaintiffs, employee benefit funds and their administrator, Richard P. Gambino (collectively, "the Funds" or "the plaintiffs"), have moved for a temporary restraining order ("TRO").

### I. *Background*

Under the collective bargaining agreement, defendant Titan Electric LLP ("Titan") is required to make contributions to the Funds based upon the number of hours worked by covered employees. Payments are scheduled to be made on or before the 15th of each month and late payments are subject to a 1.5% interest rate.

The plaintiffs allege that Titan failed to make payments for work performed in May and June, 2009, and was late on (and underpaid) some payments for previous months. In total, Titan allegedly owes a balance of $32,149, which the plaintiffs seek to recover.

The plaintiffs have also sued Rosdev Corporation and Urban Design and Development Corporation (collectively, "the reach and apply defendants"), for which Titan apparently performed some as yet uncompensated electrical work.

On July 23, 2009, the Funds filed a motion for a TRO to maintain the status quo "until such time as this Court has had the opportunity to hear a Motion for Preliminary Injunction." That motion was not, however, filed *ex parte* and the supporting memorandum sets forth arguments pursuant to the standard usually applied a preliminary injunction. The Funds seek to enjoin the reach and apply defendants from

secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of or making any payment to [Titan].

### II. *Legal Analysis*

#### A. Standard of Review

Under Fed.R.Civ.P. 65(b)(1)(A), the Court may issue an *ex parte* TRO only if

specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage

will result to the movant before the adverse party can be heard in opposition.

## B. Application

The Funds contend that, without a TRO against the reach and apply defendants, they will not receive the money to which they are entitled from Titan. They fail to explain, however, how they reached that conclusion. Except for stating in their amended complaint that they do not believe that Titan has any insurance to cover a judgment against it, the Funds make no allegation that Titan currently lacks sufficient funds to satisfy the $32,149 it allegedly owes. Moreover, although the reach and apply defendants might disburse money to Titan merely because it is owed, the Funds offer no reason why the reach and apply defendants would otherwise conceal or dispose of those payments. Therefore, the Funds have failed to prove that they will suffer any irreparable injury if a TRO is not entered.

## ORDER

In accordance with the foregoing, the plaintiffs' motion for a temporary restraining order (Docket No. 8) is **DENIED** without prejudice to the filing of a properly supported motion for a preliminary injunction by the plaintiffs.

**So ordered.**